UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

| | |
|---|---|
| BOLIVAR SALTO,<br>ZAHIR AHMED,<br>ABU H. CHOWDHOURY,<br>JAGATJYUTI C. DASRAO,<br>IQUBAL H. KHAN,<br>DANIEL MARIN,<br>ALEXANDER MARSHALL, and,<br>FIDEL RIVERA, | CIVIL ACTION NO.<br>18-3378 |

**COMPLAINT**

Plaintiff,

-against-

SERENDIPITY 3, INC. d/b/a SERENDIPITY 3, and,
STEPHEN BRUCE, individually,

Plaintiffs Demand a
Trial by Jury

Defendants.

———————————————————————————

Plaintiffs BOLIVAR SALTO ("Salto" or "plaintiff"), ZAHIR AHMED ("Ahmed"
or "plaintiff"), ABU H. CHOWDHOURY ("Chowdhoury" or "plaintiff"), JAGATJYUTI
C. DASRAO ("Dasrao" or "plaintiff"), IQUBAL H. KHAN ("Khan" or "plaintiff"),
DANIEL MARIN ("Marin" or "plaintiff"), ALEXANDER MARSHALL ("Marshall" or
"plaintiff"), and FIDEL RIVERA ("Rivera" or "plaintiff") (all collectively "plaintiffs"), by
and through their attorneys LEVINE & BLIT, PLLC, complaining of Defendants
SERENDIPITY 3, INC. d/b/a SERENDIPITY 3 ("Serendipity" or "defendant"), and
STEPHEN BRUCE ("Bruce" or "defendant"), individually, (all collectively "defendants")
hereby alleges**:**

**NATURE OF THE ACTION**

1. This action is brought to remedy unpaid minimum wages, unpaid overtime wages,

    unpaid or misappropriated tips, and unlawful wage deductions, in violation of the Fair

1

Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"), and for failure to provide annual wage notices in violation of the Labor Law.

2. Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and liquidated damages, interest, attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA and Labor Law, and such other further relief as this Court deems necessary and proper.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

5. Venue of this action in the Southern District of New York under 28 U.S.C. §1391 is appropriate as Defendants have their principle place of business within the district, and as the Eastern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6. Plaintiffs are individual residents of New York City who have worked as waiters and/or bussers at Serendipity 3 Restaurant for defendants.

7. Upon information and belief, Defendant Bruce is a New York resident, and was the sole owner, and control person, of Serendipity.

8. Upon information and belief, Defendant Serendipity was a corporation which owned and operated Serendipity 3, a restaurant.

9.  At all times relevant to this action, Defendants were "employers" of plaintiffs within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA § 203(d).

10. At all times relevant to this action, Defendants employed all plaintiffs.

11. Upon information and belief, at all times relevant to this action, defendant have been enterprises engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that they: (1) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (2) have had annual gross volume of sales not less than $500,000.

12. Upon information and belief, at all times relevant to this action, defendant have purchased supplies and merchandise from across state lines, which plaintiffs have come in contact with and used as part of their daily work duties.

13. At all times relevant to this action, defendant Bruce served as sole owner, President and Chief Executive Officer of Defendants Restaurants and, as such, held a supervisory position over plaintiffs and was in a position of authority to undertake or recommend tangible employment decisions, and controlled the terms and conditions of plaintiffs' employment, including plaintiffs' compensation, with Serendipity.

14. At all times relevant to this action, plaintiffs were each, individually, an "employee" of defendants within the meaning of the Labor Law and FLSA and entitled to protection. At all times relevant to this action, plaintiffs performed services each, individually, as an employee of defendant in New York County.

## FACTUAL ALLEGATIONS

15. Plaintiff Salto began his employment tenure with defendants as a server and/or busser in or about August, 2003 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

16. Plaintiff Chowdhoury began his employment tenure with defendants as a server and/or busser in or about August, 2005 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

17. Plaintiff Dasrao began his employment tenure with defendants as a server and/or busser in or about May, 2014 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

18. Plaintiff Khan began his employment tenure with defendants as a server and/or busser in or about May, 2010 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

19. Plaintiff Marin began his employment tenure with defendants as a server and/or busser in or about April, 2013 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

20. Plaintiff Marshall began his employment tenure with defendants as a server and/or busser   in or about February, 2009 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

21. Plaintiff Ahmed began his employment tenure with defendants as a server and/or busser in or about May, 2011 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

22. Plaintiff Rivera began his employment tenure with defendants as a server and/or busser in or about January, 2006 and continued his employment with defendants through Bruce's sale of Serendipity 3 in or around January, 2018.

23. Plaintiffs were scheduled to work, and worked, for defendants, a shifting schedule in which they would work six (6) days in a row, then be given two (2) days off, before starting their next six-day schedule.  Plaintiffs' work schedules were scheduled at approximately no less than seven (7) to eight (8) hours per shift.

24. As service staff, plaintiffs were tipped employees at times during their employment with defendants.

25. As tipped employees, defendants compensated plaintiffs, at all times relevant to this matter, at the minimum wage rate minus a tip credit.

26. For example, for week ending 06/07/2015, defendants compensated plaintiff Salto at the rate of $5.00 per hour, though the federal minimum wage rate was $7.25 per hour and the state minimum wage rate was $8.75 per hour.

27. As another example, for week ending 11/08/2015, defendants compensated plaintiff Rivera at the rate of $5.00 per hour, though the federal minimum wage rate was $7.25 per hour and the state minimum wage rate was $8.75 per hour.

28. While defendants utilized a tip credit in compensating plaintiffs less than minimum wage, defendants failed to provide plaintiffs with adequate notice of their utilization of the tip credit.

29. Accordingly, defendants utilization of a tip credit, at all times relevant to this Complaint, was inappropriate and unlawful.  Thus defendants were required to pay plaintiffs the full minimum wage for all hours worked.

30.  Additionally, at all times relevant to this Complaint, defendants forced all plaintiff to share their tips, in an unlawful tip pool, with non-server kitchen staff.

31. For example, at all times relevant to this matter each plaintiff was required to contribute approximately $60 per week of his tips to non-service kitchen workers who had no contact with customers, particularly workers whose duty it was to prepare ice cream for various restaurant desserts.

32. Defendants' acts of forcing plaintiffs to share their tips, in an unlawful tip pool, with non-server kitchen staff, constituted an illegal deduction from plaintiffs' wages.

33. Defendants' acts of forcing plaintiffs to share their tips, in an unlawful tip pool, with non-server kitchen staff, also caused defendants utilization of the tip credit to be further inappropriate and unlawful.  Thus, defendants were required to pay plaintiff the full minimum wage for all hours worked, at all times relevant to this Complaint.

34. Further, when plaintiffs' hours worked reached over forty in a workweek, defendants continued to utilize the tip credit to pay plaintiffs less than 1.5x the full minimum wage rate for all hours worked over forty.

35. For example, for week ending 11/08/2015, defendants compensated plaintiff Rivera at the rate of $9.38 per hour, for hours over forty in the workweek, which was well below 1.5 times the federal and state minimum wage rates.

36. Accordingly, defendants denied plaintiffs proper overtime wages at all times relevant to this Complaint.

37. Additionally, defendants forced plaintiffs to perform significant non-server side work, exceeding 20% of their work performed each workday.

38. For this non-server, side work, defendants failed to pay plaintiffs the full minimum wage rate, or an overtime wage rate at 1.5 times the full minimum wage rate when hours reached over 40, and, instead, unlawfully utilized the tip credit.

39. Additionally, up to on or about January, 2017, defendants failed to provide plaintiffs with annual wage notices, as required by Labor Law 195(1).

40. Finally, at all times relevant to this matter, defendants required plaintiffs to wear uniforms with Serendipity logos, and pay for the maintenance of such uniforms, this further constituting unlawful wage deductions and true wages below minimum wages.

41. Defendants acts of denying plaintiffs proper minimum wages, overtime wages, and tips, unlawfully deducting tips, failing to provide plaintiffs proper wage notices, and requiring plaintiffs to pay for the maintenance of their uniforms, were intentional and willful.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Minimum Wages Under the FLSA)

42. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a), and plaintiffs were engaged in interstate commerce.

44. Throughout their employment tenure with defendants, defendants failed to pay plaintiffs minimum wages pursuant to the FLSA.

45. Defendants failure to pay minimum wages to plaintiffs was willful.

46. As a result of defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid minimum wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Overtime Wages Under the FLSA)

47. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a), and plaintiffs was engaged in interstate commerce.

49. Plaintiffs were non-exempt employees of defendants.

50. Throughout their employment tenures with defendants, defendants failed to pay plaintiffs overtime wages at the appropriate hourly rate pursuant to the FLSA.

51. Defendants failure to pay overtime premiums was willful.

52. As a result of Defendants' FLSA violations, plaintiffs are entitled to recover from Defendants their unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Minimum Wages Under the Labor Law)

53. Plaintiffs hereby repeat, reiterate and reallege each allegation contained in all prior paragraphs, as if fully set forth herein.

54. Defendants were the employers of plaintiffs within the meaning of the Labor Law.

55. Defendants failed to pay plaintiffs the prevailing minimum wage throughout their employment tenures.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of plaintiffs.

57. As a proximate result of defendants' unlawful conduct, plaintiffs have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the Labor Law, as well as reasonable attorneys' fees and costs, and interest, pursuant to the Labor Law.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

#### (Unpaid Overtime Wages Under the Labor Law)

58. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. At all times relevant to this action, plaintiffs were employed by defendants within the meaning of Labor Law §§ 2 and 651.

60. Plaintiffs were non-exempt employees of defendants.

61. Throughout the relevant time periods as described above, plaintiffs regularly worked over forty (40) hours per work week for defendants, just about each and every workweek, as non-exempt employees pursuant to the Labor Law.

62. Defendants failed to pay plaintiffs overtime wages of 1.5 times their regular rate of pay for all hours worked in excess of forty in a workweek, throughout the relevant time periods as described above, in violation of the Labor Law.

63. Defendants failure to pay overtime premiums was willful.

64. As a result of defendants' Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to Labor Law.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT

### (Violations of Labor Law 196-d)

65. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. Defendants forced plaintiffs to share a significant portion of their tips with non-service staff, thus ultimately benefitting defendants.

67. This regular retention of a percentage of gratuities by defendants was willful and intentional.

68. Defendants' alleged actions violate New York Labor Law § 196-d.

69. Due to defendants' practices of regularly requiring plaintiffs to share a portion of their tips, plaintiffs have suffered damages in the form of significantly reduced wages.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT

### (Illegal Wage Deductions in Violation of Labor Law)

70. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. Defendants deducted a significant portion of plaintiffs' tips to pay non-service staff.

72. Defendants also significantly reduced plaintiffs' wages by forcing plaintiffs to pay the expense of cleaning and maintaining their uniforms.

73. These deductions from plaintiffs' wages were not for the benefit of plaintiffs, nor were approved by plaintiffs.

74. Defendants' deductions from plaintiffs' wages were willful and intentional.

75. Due to defendants' practices, plaintiffs have suffered damages in the form of significantly reduced wages.

**SEVENTH CAUSE OF ACTION AGAINST DEFENDANT**

**(Violations of Labor Law § 195(1))**

76. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. Defendants have failed to furnish to plaintiffs the information required by Labor Law § 195(1) at the time of their hiring, or on an annual basis, thereafter.

78. Defendants were aware of should have been aware of its statutory obligation to provide such information to plaintiffs.

79. Due to defendants' violations of the Wage Theft Prevention Act (Labor Law § 195(1)), Plaintiff is entitled to recover statutory damages from Defendants in the amount capped at $5,000.00, plus attorney's fees and costs of this action.

**JURY DEMAND**

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request that this Court enter an award:

(a)     Declaring the acts and practices complained of herein are in violation of the FLSA and New York Labor Law;

(b)     Directing Defendants to pay Plaintiffs their actual damages in an amount to be determined at trial for unpaid minimum wages and overtime wages, for illegal wage deductions, for retained tips, and for liquidated damages and interest, as provided by the FLSA and New York Labor Law;

(c)     Directing Defendants to pay Plaintiff statutory damages capped at $5,000.00, plus attorney's fees and costs of this action, for violations of Labor Law § 195(1).

(d)     Awarding Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(e)     Awarding such other and further relief as this Court deems just and equitable.


Dated: New York, New York

     April 14, 2018

                    Respectfully Submitted,

                    LEVINE & BLIT, P.L.L.C.

_____

By: RUSSELL MORIARTY, ESQ.
(RM 0224)

Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, Suite 4020
New York, NY 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010