# **EXHIBIT A**

## SETTLEMENT AGREEMENT

**WHEREAS**, Bolivar Salto, Zahir Ahmed, Abu H. Chowdhoury, Jayagtjyuti C. Desrao, Iqubal H. Khan, Daniel Marin, Alexander Marshall, Fidel Rivera, William Alicea, Melanie Amatulli, Blake Gainey, Peter Grillo, Robert Gunther, Damon Henry, Calvin Holt, Jonn M. Jorgensen, Jared Kessler, Gina Montero, James J. O'Neill, Andrianna Prast, Glenn Redman, Joshua Crespo Torres, Dakota Wheeler, Zoe Wilson, Rick Marinelli, Shannon Kmetz, and Alexi Cortes (hereinafter, "Plaintiffs") commenced an action against Serendipity 3, Inc. d/b/a Serendipity 3 and Stephen Bruce (hereinafter collectively "Defendants) via a second Amended Complaint in the United States District Court for the Southern District of New York (the "Court"), presently bearing Docket No. 18-cv-03378 (RA) (JLC) (the "Action") alleging unlawful employment practices;

**WHEREAS**, Defendants deny Plaintiffs' allegations, and contend that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Defendants (singularly, a "Party," collectively the "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiffs have, had, or may have against Defendants, including, but not limited to, all minimum wage, overtime, and spread of hours claims and issues that were or could have been raised by Plaintiffs, by way of this Settlement Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties while attending a private mediation before Martin Scheinman, Esq. on September 25, 2019, which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiffs by Defendants of the gross sum of **Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00)** (the "Settlement Amount") (which includes administration fees to Arden Services), which Plaintiffs agree includes an amount to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be an "employer" (including, but not limited to, Stephen Bruce) both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (including, but not limited to, Serendipity Enterprises LLC) (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of

time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2.      Within five (5) business days of the Court's approval of this Agreement and the So Ordering of the dismissal of this action, Defendants shall forward payment of the Settlement Amount to Arden Services. Arden Services shall administer the distribution of the Settlement Amount, less the administration fees for Arden Services, as follows:

(a)      A check in the amount of $216,708.00, made payable to "Levine & Blit, PLLC" representing payment of attorneys' fees and costs;

(b)      A check in the gross amount of $21,905, made payable to "Bolivar Salto" representing payment of economic damages;

(c)      A check in the amount of $21,905, made payable to "Bolivar Salto" representing payment of liquidated damages;

(d)      A check in the gross amount of $19,072, made payable to "Zahir Ahmed" representing payment of economic damages;

(e)      A check in the amount of $19,072, made payable to "Zahir Ahmed" representing payment of liquidated damages;

(f)      A check in the gross amount of $18,582, made payable to "Abu H. Chowdhoury" representing payment of economic damages;

(g)      A check in the amount of $18,582, made payable to "Abu H. Chowdhoury" representing payment of liquidated damages;

(h)      A check in the gross amount of $8,488, made payable to "Jagatjyuti C. Dasrao" representing payment of economic damages;

(i)   A check in the amount of $8,488, made payable to "Jagatjyuti C. Dasrao" representing payment of liquidated damages;

(j)   A check in the gross amount of $13,184, made payable to "Iqubal H. Khan" representing payment of economic damages;

(k)   A check in the amount of $13,184, made payable to "Iqubal H. Khan" representing payment of liquidated damages;

(l)   A check in the gross amount of $15,015, made payable to "Daniel Marin" representing payment of economic damages;

(m)   A check in the amount of $15,015, made payable to "Daniel Marin" representing payment of liquidated damages;

(n)   A check in the gross amount of $17,557, made payable to "Alexander Marshall" representing payment of economic damages;

(o)   A check in the amount of $17,557, made payable to "Alexander Marshall" representing payment of liquidated damages;

(p)   A check in the gross amount of $16,364, made payable to "Fidel Rivera" representing payment of economic damages;

(q)   A check in the amount of $16,364, made payable to "Fidel Rivera" representing payment of liquidated damages;

(r)   A check in the gross amount of $1,747, made payable to "William Alicea" representing payment of economic damages;

(s)   A check in the amount of $1,747, made payable to "William Alicea" representing payment of liquidated damages;

(t)     A check in the gross amount of $1,199, made payable to "Melanie Amatulli" representing payment of economic damages;

(u)     A check in the amount of $1,199, made payable to "Melanie Amatulli" representing payment of liquidated damages;

(v)     A check in the gross amount of $5,433, made payable to "Blake Gainey" representing payment of economic damages;

(w)     A check in the amount of $5,433, made payable to "Blake Gainey" representing payment of liquidated damages;

(x)     A check in the gross amount of $871, made payable to "Peter Grillo" representing payment of economic damages;

(y)     A check in the amount of $871, made payable to "Peter Grillo" representing payment of liquidated damages;

(z)     A check in the gross amount of $970, made payable to "Robert Gunther" representing payment of economic damages;

(aa)    A check in the amount of $970, made payable to "Robert Gunther" representing payment of liquidated damages;

(bb)    A check in the gross amount of $2,819, made payable to "Damon Henry" representing payment of economic damages;

(cc)    A check in the amount of $2,819, made payable to "Damon Henry" representing payment of liquidated damages;

(dd)    A check in the gross amount of $1,650, made payable to "Calvin Holt" representing payment of economic damages;

(ee)   A check in the amount of $1,650, made payable to "Calvin Holt" representing payment of liquidated damages;

(ff)   A check in the gross amount of $19,423, made payable to "Jonn M. Jorgensen" representing payment of economic damages;

(gg)   A check in the amount of $19,423, made payable to "Jonn M. Jorgensen" representing payment of liquidated damages;

(hh)   A check in the gross amount of $1,318, made payable to "Jared Kessler" representing payment of economic damages;

(ii)   A check in the amount of $1,318, made payable to "Jared Kessler" representing payment of liquidated damages;

(jj)   A check in the gross amount of $3,403, made payable to "Gina Montero" representing payment of economic damages;

(kk)   A check in the amount of $3,403, made payable to "Gina Montero" representing payment of liquidated damages;

(ll)   A check in the gross amount of $4,162, made payable to "James J. O'Neill" representing payment of economic damages;

(mm)   A check in the amount of $4,162, made payable to "James J. O'Neill" representing payment of liquidated damages;

(nn)   A check in the gross amount of $557, made payable to "Andrianna Prast" representing payment of economic damages;

(oo)   A check in the amount of $557, made payable to "Andrianna Prast" representing payment of liquidated damages;

(pp)   A check in the gross amount of $14,063, made payable to "Glenn Redman" representing payment of economic damages;

(qq)   A check in the amount of $14,063, made payable to "Glenn Redman" representing payment of liquidated damages;

(rr)   A check in the gross amount of $3,038, made payable to "Joshua Crespo Torres" representing payment of economic damages;

(ss)   A check in the amount of $3,038, made payable to "Joshua Crespo Torres" representing payment of liquidated damages;

(tt)   A check in the gross amount of $18,407, made payable to "Dakota Wheeler" representing payment of economic damages;

(uu)   A check in the amount of $18,407, made payable to "Dakota Wheeler" representing payment of liquidated damages;

(vv)   A check in the gross amount of $1,100, made payable to "Zoe Wilson" representing payment of economic damages;

(ww)   A check in the amount of $1,100, made payable to "Zoe Wilson" representing payment of liquidated damages;

(xx)   A check in the gross amount of $427, made payable to "Rick Marinelli" representing payment of economic damages;

(yy)   A check in the amount of $427, made payable to "Rick Marinelli" representing payment of liquidated damages;

(zz)   A check in the gross amount of $1,194, made payable to "Shannon Kmetz" representing payment of economic damages;

(aaa)   A check in the amount of $1,194, made payable to "Shannon Kmetz" representing payment of liquidated damages;

(bbb)   A check in the gross amount of $1,698, made payable to "Alexi Cortes" representing payment of economic damages;

(ccc)   A check in the amount of $1,698, made payable to "Alexi Cortes" representing payment of liquidated damages;

(ddd)   Plaintiffs acknowledge that they will be issued a form W-2 at the appropriate time for all amounts representing Plaintiffs' economic damages and shall make all lawful deductions in accordance with a tax form W-4 transmitted by Plaintiffs at the time they transmit an executed copy of this Release.

(eee)   Plaintiffs acknowledge that they will be issued a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiffs' attorneys' fees and costs.

3.    Plaintiffs agree to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiffs' failure to pay any taxes related to any income garnered by and through this Agreement.

4.    Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions pending against Defendants and Releasees, both individually and in their/its official capacities.  Plaintiffs will not

file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Defendants and Releasees as they acknowledge no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, they promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting Party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

5.     Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.  Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

6.     Plaintiffs acknowledge that they have been paid in full for all time worked and, other than the payments described in Paragraph 2 of this Agreement, are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call-in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus, or commission.

7.     The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment

actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

8.     This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

9.     Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

10.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal attached hereto as Exhibit A.

11.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

12.     This Agreement may only be modified, altered or changed in writing, signed by the Parties, or otherwise by Order of the Court.

13.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the Court shall retain jurisdiction over this Agreement.

14.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement may be executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

15.     All other notices and documents set forth herein shall be delivered to counsel for Defendants, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, KGutstein@kdvlaw.com; and counsel for Plaintiffs, Matthew Blitt, Esq., Levine & Blit, PLLC, 350 Fifth Avenue-40th Floor, New York, New York 10118, (212) 967-3000; facsimile (212) 967-3010.

16.     **Plaintiffs represent that they have had a full opportunity to review and consider the terms and conditions of this Release and to have discussed them with their respective counsel or financial advisor, and have had sufficient time to review and consider this Release, fully understand all of the provisions of this Release and have executed same freely and voluntarily.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Bolivar Salto
Date: 4-25-2019

Zahir Ahmed
Date: 09/25/2019

Abu H. Chowdhoury
Date:

Jayagtjyuti C. Desrao
Date: 09/25/2019

Iqubal H. Khan
Date: 09/25 | 2019

Daniel Marin
Date: 09/25/2019

Alexander Marshall
Date:

Fidel Rivera
Date:

William Alicea
Date:

Melanie Amatulli
Date:


Blake Gainey
Date:


Peter Grillo
Date:


Robert Gunther
Date:


Damon Henry
Date:


Calvin Holt
Date:


Jonn M. Jorgensen
Date:


Jared Kessler
Date:


Gina Montero
Date: 9/26/2019

_Melanie Amatulli_ o

Melanie Amatulli
Date: 9/27/2019

Blake Gainey
Date:

Peter Grillo
Date:

Robert Gunther
Date:

Damon Henry
Date:

Calvin Holt
Date:

John M. Jorgensen
Date:

Jared Kessler
Date:

Gina Montero
Date:

_____
James J. O'Neill
Date:


_____
Andrianna Prast
Date:


_____
Glenn Redman
Date:


_____
Joshua Crespo Torres
Date:


_____
Dakota Wheeler
Date: 9/25/19


_____
Zoe Wilson
Date:


_____
Rick Marinelli
Date:


_____
Shannon Kmetz
Date:


_____
Alexi Cortes
Date:

_____
Melanie Amatulli
Date:


_____
Blake Gainey
Date:


_____
Peter Grillo
Date:


_____
Robert Gunther
Date:

_____
Damon Henry
Date: 9/25/19


_____
Calvin Holt
Date:


_____
Jonn M. Jorgensen
Date: 9/25/19


_____
Jared Kessler
Date:


_____
Gina Montero
Date:

_____
James J. O'Neill
Date:


_____
Andrianna Prast
Date:


_____
Glenn Redman
Date:


_____
Joshua Crespo Torres
Date:


_____
Dakota Wheeler
Date:


_____
Zoe Wilson
Date:


_____
Rick Marinelli
Date:


_____
Shannon Kmetz
Date:


_____
Alexi Cortes
Date:

_____
James J. O'Neill
Date:


_____
Andrianna Prast
Date:


_____
Glenn Redman
Date:


_____
Joshua Crespo Torres
Date:


_____
Dakota Wheeler
Date:

_____
Zoe Wilson
Date:


_____
Rick Marinelli
Date:

_____
Shannon Kmetz
Date: 9/27/2019


_____
Alexi Cortes
Date:

James J. O'Neill
Date:


Andrianna Prast
Date:


Glenn Redman
Date:

*Joshua Crespo Torres*
Joshua Crespo Torres
Date: 9|27|2019


Dakota Wheeler
Date:


Zoe Wilson
Date:


Rick Marinelli
Date:


Shannon Kmetz
Date:


Alexi Cortes
Date:

Bolivar Salto
Date:


Zahir Ahmed
Date:


Abu H. Chowdhoury
Date:


Jayagtjyuti C. Desrao
Date:


Iqubal H. Khan
Date:


Daniel Marin
Date:


Alexander Marshall
Date:


Fidel Rivera
Date: 

William Alicea
Date:

_____
James J. O'Neill
Date:


_____
Andrianna Prast
Date:


_____
Glenn Redman
Date:


_____
Joshua Crespo Torres
Date:


_____
Dakota Wheeler
Date:


_____
Zoe Wilson
Date:


_____
Rick Marinelli
Date:


_____
Shannon Kmetz
Date:


_____
Alexi Cortes
Date: 09/27/2019

Joshua Crespo Torres
Date:

Dakota Wheeler
Date:

Zoe Wilson
Date:

Rick Marinelli
Date:

Shannon Kmetz
Date:

_____
Melanie Amatulli
Date:


_____
Blake Gainey
Date:


_____
Peter Grillo
Date:


_____
Robert Gunther
Date:


_____
Damon Henry
Date:


_____
Calvin Holt
Date:


_____
Jonn M. Jorgensen
Date:


_____
Jared Kessler
Date:


_____
Gina Montero
Date:

_____
Bolivar Salto
Date:


_____
Zahir Ahmed
Date:


_____
Abu H. Chowdhoury
Date:


_____
Jayagtjyuti C. Desrao
Date:


_____
Iqubal H. Khan
Date:


_____
Daniel Marin
Date:


_____
Alexander Marshall
Date:

_____
Fidel Rivera
Date:  10/1/19


_____
William Alicea
Date:

_____
Melanie Amatulli
Date:


_____
Blake Gainey
Date:


_____
Peter Grillo
Date:


_____
Robert Gunther
Date:


_____
Damon Henry
Date:

_____
Calvin Holt
Date: 10/1/2019.


_____
Jonn M. Jorgensen
Date:


_____
Jared Kessler
Date:


_____
Gina Montero
Date:

RECEIVED   10/04/2019 12:56PM

James J. O'Neill
Date:

_____
Andrianna Prast
Date: 10/4/19

_____
Glenn Redman
Date:

_____
Joshua Crespo Torres
Date:

_____
Dakota Wheeler
Date:

_____
Zoe Wilson
Date:

_____
Rick Marinelli
Date:

_____
Shannon Kmetz
Date:

_____
Alexi Cortes
Date:

_____
James J. O'Neill  O'Neil  1 1 roT 2
Date:


_____
Andrianna Prast
Date:


_____
Glenn Redman
Date:


_____
Joshua Crespo Torres
Date:


_____
Dakota Wheeler
Date:


_____
Zoe Wilson
Date:


_____
Rick Marinelli
Date:


_____
Shannon Kmetz
Date:


_____
Alexi Cortes
Date:

Melanie Amatulli
Date:

Blake Gainey
Date: 9/26/2019

Peter Grillo
Date:

Robert Gunther
Date:

Damon Henry
Date:

Calvin Holt
Date:

Jonn M. Jorgensen
Date:

Jared Kessler
Date:

Gina Montero
Date:

James J. O'Neill
Date:

_____

Andrianna Prast
Date:

Glenn Redman
Date: 9/26/19

Joshua Crespo Torres
Date:

_____

Dakota Wheeler
Date:

Zoe Wilson
Date:

Rick Marinelli
Date:

_____

Shannon Kmetz
Date:

Alexi Cortes
Date:

_____
Melanie Amatulli
Date:


_____
Blake Gainey
Date:


_____
Peter Grillo
Date:


_____
Robert Gunther
Date:


_____
Damon Henry
Date:


_____
Calvin Holt
Date:


_____
Jonn M. Jorgensen
Date:


_____
Jared Kessler
Date:


_____
Gina Montero
Date:

_____
Bolivar Salto
Date:


_____
Zahir Ahmed
Date:


_____
Abu H. Chowdhoury
Date:


_____
Jayagtjyuti C. Desrao
Date:


_____
Iqubal H. Khan
Date:


_____
Daniel Marin
Date:


_____
Alexander Marshall
Date: 9/26/2019


_____
Fidel Rivera
Date:


_____
William Alicea
Date:

_____
Melanie Amatulli
Date:


_____
Blake Gainey
Date:


_____
Peter Grillo
Date:

_____
Robert Gunther
Date: 09/26/19


_____
Damon Henry
Date:


_____
Calvin Holt
Date:


_____
Jonn M. Jorgensen
Date:


_____
Jared Kessler
Date:


_____
Gina Montero
Date:

*Stephen Bruce*

Serendipity 3, Inc. d/b/a Serendipity 3
Name: Stephen Bruce
Title:
Date: Oct 10, 2019.

*Stephen Bruce*

Stephen Bruce
Date: Oct. 10, 2019