USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/2/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOLIVAR SALTO, *et al.*,

                Plaintiffs,

v.

SERENDIPITY 3, INC., *doing business as*
SERENDIPITY 3 and STEPHEN BRUCE,

                Defendants.

No. 18-CV-3378 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Bolivar Salto, Zahir Ahmed, Abu H. Chowdhoury, Jagatjyuti C. Dasrao, Iqubal H. Khan, Daniel Marin, Daniel Marin, Fidel Rivera, Joshua Crespo Torres, Peter Grillo, Dakota Wheeler, Jared Kessler, Robert Gunther, Andrianna Prast, Blake Gainey, Damon Henry, James J. O'Neill, Gina Montero, William Alicea, Glenn Redman, Jonn M. Jorgensen, Melanie Amatulli, Calvin Holt, Zoe Wilson, Rick Marinelli, Alexi Cortes, and Shannon Kmetz (collectively, "Plaintiffs") bring this action against Defendants Serendipity 3, Inc. and Stephen Bruce (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement.

    The Court, having reviewed the parties' proposed settlement agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiffs a total of $650,000, which includes $213,708 in attorneys' fees and $3,000 in costs. *See* Fairness Letter at 3, 6-7; Settlement Agreement at ¶ 1-2. Plaintiffs estimate that, were they to recover in full, they would receive approximately $578,535 for unpaid

wages, and that this number would double to $1,157,070 if it included liquidated damages. *See* Fairness Letter at 3. This means that the proposed settlement amount of $650,000 represents 112% of Plaintiffs' total unpaid wages calculation, and 52% of Plaintiffs' unpaid wages calculation with liquidated damages.

These amounts are fair and reasonable. Although the recovery amount falls short of the maximum amount that Plaintiffs assert they might have recovered at trial, it is significant as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiffs' counsel reports that "Defendants' [sic] fiercely contested Plaintiffs' damages calculations and possible recovery, as Defendants argued that total possible exposure was no more than $24,000." Fairness Letter at 4. For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

The Court also approves the attorneys' fees set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. Dec. 8, 2016). Here, the attorneys' fees are $213,708, which is approximately 33% of the $641,000 settlement fund after costs. *See* Fairness Letter at 6-7. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee is therefore reasonable as a fair percentage of the net award.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. at 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is more limited than those routinely rejected. Specifically, Plaintiffs are only releasing Defendants from claims that "concern allegations of unpaid compensation." *See* Settlement Agreement at ¶ 1. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

## I. CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 2, 2019
New York, New York

Ronnie Abrams
United States District Judge

3